# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin David Jones,<br><br>     Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>     Respondent. | Case No. 14-cv-1650 (SRN/HB)<br><br><br>REPORT AND RECOMMENDATION |

Andrew M. Irlbeck, 332 Minnesota Street, Suite W-1610, St. Paul, MN 55101, for Petitioner Kevin David Jones

David E. Schauer, Sibley County Attorney, P.O. Box H, Winthrop, MN 55396; and Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; for Respondent State of Minnesota

HILDY BOWBEER, United States Magistrate Judge

   This matter is before the Court on the State of Minnesota's Motion to Dismiss [Doc. No. 6] the petition for writ of habeas corpus filed by Kevin David Jones. Jones is incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota, and filed his habeas petition pursuant to 28 U.S.C. § 2254. The motion to dismiss has been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. For the reasons set forth below, the Court recommends that the motion to dismiss be granted, the petition be dismissed, and no certificate of appealability be granted.

I.      **Background**

On April 13, 2009, Jones pleaded guilty to first-degree criminal sexual conduct

and of violating a restraining order.  *State v. Jones*, No. A09-1659, 2010 WL 3220041, at

*1 (Minn. Ct. App. Aug. 17, 2010).  He was sentenced to 144 months of incarceration on

June 17, 2009.  (Pet. at 1[1] [Doc. No. 1].)  Jones appealed his sentence to the Minnesota

Court of Appeals, arguing that the sentencing court erred by denying his motion for a

downward departure.  *Jones*, 2010 WL 3220041, at *1.  The Minnesota Court of Appeals

affirmed the trial court on August 17, 2010.  (Pet. at 2).  Jones sought review by the

Minnesota Supreme Court, which denied his petition on December 14, 2010.  (*Id.*)  Jones

did not file a petition for a writ of certiorari in the United States Supreme Court.  (*Id.* at

3.)

On November 9, 2011, almost a year after the conclusion of the direct appeals,

Jones filed a motion for postconviction relief in Sibley County District Court.  (*Id.*)

Jones asserted that his trial counsel was ineffective for the following reasons: (1) his

lawyer failed to communicate a written settlement offer; and (2) his lawyer did not hire

an investigator, investigate the facts of the case, give Jones access to discovery, file

pretrial motions, or discuss Jones' version of the facts or testimony with Jones.  (*Id.*)  The

state district court denied the postconviction motion on March 6, 2012.  (*Id.*)  Jones

appealed to the Minnesota Court of Appeals, which issued an opinion affirming the lower

court on February 25, 2013.  (*Id.* at 4); *see Jones v. State*, No. A12-0792, 2013 WL

---

[1] The Court uses ECF page numbers in citing to the petition.

2

656475, at *1 (Minn. Ct. App. Feb. 25, 2013). Jones' petition for review to the Minnesota Supreme Court was denied on May 21, 2013. (Pet. at 4, 5.)

Jones filed the instant petition in federal court on May 23, 2014. His first ground for relief ("Ground One") is that he was denied the effective assistance of trial counsel, because his lawyer did not tell him about a written plea agreement offered by the State before trial. (*Id.* at 5.) Jones claims he first learned of the proposed plea agreement in the summer of 2011, after he requested and reviewed the case file from his trial attorney. (*Id.*) Jones' second ground for relief ("Ground Two") is that his rights to due process and the Sixth Amendment were violated when his trial counsel failed to hire an investigator, investigate the underlying facts, give him access to discovery, file pretrial motions, and ask Jones for his version of the facts. (*Id.* at 7.) In Jones' third ground for relief ("Ground Three"), he claims that his trial attorney lied at an evidentiary hearing held on his postconviction petition. (*Id.* at 10.) According to Jones, he raised Ground One and Ground Two in his petition for postconviction relief, but he did not raise Ground Three on the advice of his postconviction counsel that "this issue could not be addressed on the [a]ppeals." (*Id.* at 11.) Jones was represented by Jeff DeGree at trial and during the direct appeals, and Gary Wolf during the postconviction proceedings. (*Id.* at 15.)

With respect to the timeliness of the petition, Jones explains that Mr. Wolf said he would prepare the petition, but then told Jones on May 12, 2014, that he would not be able to file the petition after all. (*Id.*) The petition is dated May 18, 2014, and Jones declares under penalty of perjury that he placed the petition in the prison mailing system that same day. (*Id.* at 17.)

3

On June 3, 2014, the Honorable Jeanne J. Graham, United States Magistrate Judge, issued an order directing Respondent to respond to the petition.  [Doc. No. 3.] Judge Graham observed that the dates set forth in the petition raised a concern about the timeliness of the action, specifically whether the petition was filed within the one-year limitations period of 28 U.S.C. § 2244(d)(1).  With regard to Jones' claim that his trial counsel did not tell him about a written plea offer, Judge Graham invited Respondent to address the effect of Jones' contention that he did not learn of the offer until the summer of 2011.  Because it was not clear whether Jones had exhausted his state court remedies for Ground Three, Judge Graham instructed Respondent to identify clearly any unexhausted claim and explain whether any state court remedy remained available.  Jones was permitted to respond to Respondent's answer or motion within thirty days of Respondent's answer or motion.

Respondent filed the motion to dismiss the petition on June 13, 2014, asserting the claims are time-barred under 28 U.S.C. § 2244(d)(1)(D).  [Doc. No. 6.]  Respondent notes that more than one year has passed between the date on which Jones' postconviction petition for review to the Minnesota Supreme Court was denied and the date he filed his federal habeas petition.  Respondent also submits that Jones had an opportunity to fully litigate his ineffective assistance of counsel claim in his motion for postconviction relief, and thus, there are no grounds for equitable tolling.  Respondent did not file a memorandum in support of his motion and did not address the issue of exhaustion.

Jones did not file a response to Respondent's motion within the thirty days allowed.  Instead, he retained counsel, and his new attorney filed a motion for an extension of time to respond.  [Doc. No. 11.]  This Court granted the extension and allowed Jones until September 7, 2014, to file his response.  [Doc. No. 13.]  Jones timely filed his response on September 5, 2014.  [Doc. No. 15.]  According to Jones, the "prison mailbox rule" enunciated in Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Court[2] renders his petition timely.  Jones therefore asks the Court to deny the motion to dismiss.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The one-year period of limitations begins on the latest of four possible events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

[2]  Rule 3(d) provides: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration . . . which must set forth the date of deposit and state that first-class postage has been prepaid."

been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

*Id.* The statute of limitations is tolled while a state postconviction motion is pending.

28 U.S.C. § 2244(d)(2).

Respondent contends that none of Jones' grounds for relief are timely under

§ 2244(d)(1), whereas Jones contends they all are. Timeliness is not an all-or-nothing

proposition in this case, however. Each of the grounds asserted in Jones' petition arose at

a different stage of the state court proceedings, and different rules apply to each claim.

Therefore, the Court must consider each ground separately. *See Mardesich v. Cate*, 668

F.3d 1164, 1171 (9th Cir. 2012) ("AEDPA's one-year statute of limitations in

§ 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

### A.    Ground One:  Ineffective Assistance of Trial Counsel Based on Failure to Communicate the Written Plea Offer

Jones' first ground for federal habeas relief is that he was denied the effective

assistance of trial counsel when his lawyer did not tell him about the State's written plea

offer. To calculate the one-year limitations period for this claim, the Court must first

determine when the limitations period commenced. Both parties assume, without

discussion, that the clock began running on May 21, 2013, when the Minnesota Supreme

Court denied Jones' request to review the denial of his postconviction motion. But the

parties are mistaken, as explained below.

Section 2244(d)(1) contains "multiple provisions relating to the events that trigger its running." *Holland v. Florida*, 560 U.S. 631, 647 (2010) (emphasis omitted).  Two of the four events listed in § 2244(d)(1) are potentially relevant to determining when the one-year clock began running for Ground One: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A), (D).  The clock began running on the latest of these two events. 28 U.S.C. § 2244(d)(1).

### 1.    Section 2244(d)(1)(A)

Beginning with § 2244(d)(1)(A), direct review of Jones' appeals concluded on December 14, 2010, when the Minnesota Supreme Court denied his petition for discretionary review.  Jones then had ninety days in which to file a petition for certiorari with the United States Supreme Court.  *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012); Sup. Ct. R. 13.1.  He did not file such a petition, however, and the state court's judgment thus became final, for federal habeas purposes, ninety days after the Minnesota Supreme Court denied review.  That date was March 15, 2011.[3]  Under § 2244(d)(1)(A), the one-year limitations period commenced on this date.

The parties submit, however, that the one-year limitations period commenced on May 21, 2013.  The Court will explain briefly why this date is erroneous.  May 21, 2013,

---

[3]  The date of an event that triggers a time period is excluded from time computations. Fed. R. Civ. P. 6(a)(1)(A); *see King*, 666 F.3d at 1136.  Thus, the ninety-day period began on December 15, 2010.

was the date the Minnesota Supreme Court denied Jones' petition for review of the denial

of his motion for postconviction relief.  None of the events listed in § 2244(d)(1) refer to

the conclusion of *postconviction* review as the latest possible date for a habeas claim to

accrue.  Section 2244(d)(1)(A), conversely, refers to "the conclusion of direct review."

By its terms, the conclusion of *direct* review means the conclusion of the *direct* appeals

process, not the conclusion of *postconviction* proceedings.  Neither party provided any

authority suggesting that the one-year limitations period begins anew after the conclusion

of state postconviction review.  Indeed, the authority is to the contrary.  *See Cordle v.*

*Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (stating that § 2244(d)(2) simply pauses, not

restarts, the one-year clock); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999)

(same).

      Returning to the calculation at hand, Jones' one-year clock would have stopped

when he filed his motion for postconviction relief on November 9, 2011, with 239 days

on the clock.  *See* 28 U.S.C. § 2244(d)(2); *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.

2002) (recognizing that the interval "between the date direct review concludes and the

date an application for state postconviction relief is filed is not excluded from the one-

year limitations period").  The clock would have remained paused throughout the

postconviction appeals process, which ended on May 21, 2013, when the Minnesota

Supreme Court denied review.[4]  When the one-year clock restarted the following day, on

---

[4]  Jones was not entitled to another ninety days to petition the United States Supreme
Court for a writ of certiorari.  For postconviction proceedings, the one-year limitations
period is tolled by § 2244(d)(2) only while the state courts are conducting review.
*Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

May 22, 2013, it would have begun with day 240, because § 2244(d)(2) only stops the

clock from ticking; it does not reset it.  *See Cordle*, 428 F.3d at 48 n.4 (citation omitted);

*Sorce*, 73 F. Supp. 2d at 294 (citing cases).  The one-year period would have expired

125 days later, on September 23, 2013, long before Jones filed his petition in federal

court.  Thus, under § 2244(d)(1)(A), Ground One would be untimely.

Jones asserts, however, that he did not discover the factual predicate of Ground

One until the summer of 2011, after he requested and reviewed the case file of his trial

attorney.  (Pet. at 5.)  Respondent does not argue or provide evidence from which to infer

that Jones could have known about the allegedly withheld plea offer before March 15,

2011.  Given that Jones' alleged discovery of the plea offer occurred several months after

March 15, 2011, when the one-year clock would have begun running under

§ 2244(d)(1)(A), the Court will consider whether § 2244(d)(1)(D) provides a later accrual

date.

### 2.      Section 2244(d)(1)(D)

Jones did not specify the exact date on which he discovered the plea offer and his

attorney's failure to communicate it.  He did, however, file an affidavit dated September

30, 2011, in which he averred he discovered the plea offer in the summer of 2011.  (Jones

Aff. Support Pet. Postconviction Relief ¶¶ 3, 4 [Doc. No. 16-6].)  Lacking a specific date

and giving Jones the benefit of any doubt, the Court will presume that September 30,

2011, the date of Jones' affidavit, was the latest possible date on which he could have

discovered the plea offer.  Respondent has not shown or argued that Jones knew about the

written plea offer, or his lawyer's failure to communicate it, before that date.  Thus, under

9

§ 2244(d)(1)(D), AEDPA's one-year clock for Ground One would have begun running on September 30, 2011, the latest possible date on which Jones could have discovered the factual predicate of Ground One.  *See Boos v. Fabian*, No. Civ. 05-523 (PAM/JSM), 2008 WL 398787, at *6 (D. Minn. Feb. 12, 2008) (acknowledging the accrual date for § 2244(d)(1)(D)'s one-year limitations period as the date the petitioner first discovered a police report founding the factual predicate of his claim); *Lucidore v. New York State Div. of Parole*, No. 99 Civ. 2936 AJP, 1999 WL 566362, at *6 (S.D.N.Y. Aug. 3, 1999) (determining the accrual date as the date on which the petitioner discovered an exculpatory police report).

Jones filed his postconviction motion on November 9, 2011.  By that time, the one-year clock for Ground One had been running for forty days, since September 30, 2011.  The filing of the postconviction motion stopped the clock, and the clock remained stopped until the Minnesota Supreme Court denied review on May 21, 2013.  That event triggered the clock, with forty days already on it, to begin ticking the next day.  Taking into account those forty days, and restarting the clock on May 22, 2013, the one-year period for Jones to seek federal habeas relief for Ground One expired on April 11, 2014. Jones placed the petition in the prison mailing system on May 18, 2014 (Jones Decl. ¶¶ 3-4), more than a month after the one-year period expired.  Accordingly, even under § 2244(d)(1)(D), and applying the prison mailbox rule, Ground One is time-barred. Unless Jones can show that equitable tolling is warranted, the claim should be dismissed.

### 3. Equitable Tolling

Although Jones expressly declined to make an argument for equitable tolling (Jones' Resp. Opp'n Mot. Dismiss at 10 n.4 [Doc. No. 15]), in the interests of thoroughness and fairness, the Court will consider whether the present record could support an application of the doctrine. Equitable tolling is available to save an untimely habeas claim "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or when the respondent lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) ("Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way.").

The only apparent basis for equitable tolling in this case is the conduct of Jones' postconviction counsel, Mr. Wolf, who not only miscalculated the deadline for filing the habeas petition, but also told Jones only two weeks before the perceived deadline that he would not be able to prepare the petition despite previously indicating he would. An attorney's negligence or mistake generally is not considered an extraordinary circumstance under the doctrine of equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (in the context of a 28 U.S.C § 2255 motion, applying equitable tolling cases arising under § 2254 because the purpose of the statutes "is the same"); *see Beery*, 312 F.3d at 951 ("Ineffective assistance of counsel generally does not warrant equitable tolling."). Serious attorney misconduct, on the other hand, may

constitute an extraordinary circumstance.  *Martin*, 408 F.3d at 1093.  In *Martin*, for

example, the attorney told the defendant there was no one-year filing deadline for

28 U.S.C. § 2255 motions, lied repeatedly about actually filing the motion and the status

of the case, did not respond to the defendant's communications, failed to attend two client

appointments, and refused to return the defendant's original documents on demand.  *Id.* at

1094-95.

By way of contrast, here, the only allegations Jones made against Mr. Wolf are

that he miscalculated the filing deadline and said he would not be able to prepare the

petition two weeks before the perceived deadline.  While Mr. Wolf clearly made a

mistake about the filing deadline, such conduct was, at most, negligent.  *See Holland*,

560 U.S. at 652 (stating that a simple miscalculation causing an attorney to miss a filing

deadline is a "'garden variety claim' of attorney negligence") (quoting *Irwin v. Dep't of

Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Florida*, 549 U.S. 327, 336

(2007)); *Lawrence*, 549 U.S. at 336-37 (noting that an argument for equitable tolling

based on an attorney's "mistake in miscalculating the limitations period . . . would

essentially equitably toll limitations periods for every person whose attorney missed a

deadline.  Attorney miscalculation is simply not sufficient to warrant equitable tolling,

particularly in the postconviction context where prisoners have no constitutional right to

counsel."); *Kreutzer*, 231 F.3d at 463 ("We agree with those courts that have found that

counsel's confusion about the applicable statute of limitations does not warrant equitable

tolling.").  Indeed, it has not escaped the Court's attention that Jones' present attorney, as

well as Respondent's attorney, made the same mistake as Mr. Wolf in calculating the

one-year limitations period.  With respect to Mr. Wolf's alleged representation to Jones

on May 12, 2014, that he would not be able to prepare the habeas petition as previously

indicated, any negligence or misconduct was rendered inconsequential by the fact that the

one-year limitations period had already expired by that time.

In sum, the Court cannot infer from the present record that Mr. Wolf purposely

misrepresented the law or the status of Jones' case.  Jones was alerted to the potential

statute of limitations issue in Judge Graham's Order of June 3, 2014, but he explicitly

declined to add to the allegations against Mr. Wolf or make an argument for equitable

tolling.  On the present record, the Court cannot conclude that Mr. Wolf's misconduct

was so extraordinary that equitable tolling should be applied.

### B.    Ground Two: Trial Counsel's Alleged Failure to Investigate and Prepare for Trial

Jones' second ground for relief is that his due process and Sixth Amendment

rights were violated when his trial counsel failed to hire an investigator, investigate the

underlying facts, give him access to discovery, file pretrial motions, and ask for or listen

to Jones' version of the facts.  (Pet. at 7.)  Although Jones did not provide his state

postconviction motion as part of the record in in this case, the Court will presume that he

raised this claim on postconviction review, based on the state district court's discussion

of the claim in its subsequent order.  (Order at 2, 7, 10-12, *State v. Jones*, File No. 72-

CR-08-177 (Sibley Cnty. Dist. Ct. Mar. 6, 2012 [Doc. No. 8-1].)  As with Ground One,

the Court begins with the language of § 2244(d)(1) to determine if Ground Two was

timely raised.  And, like Ground One, the one-year limitations period for Ground Two

commenced on the latter of two possible dates: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A), (D).

### 1.        Section 2244(d)(1)(A)

The Court's discussion of § 2244(d)(1)(A) in Part II.A.1, *supra*, applies to Ground Two, as well, and that discussion is incorporated here by reference.  In brief, the state court's judgment became final ninety days after the Minnesota Supreme Court denied review, on March 15, 2011.  The one-year limitations period commenced on that date, but stopped on November 9, 2011, with 239 days on the clock, when Jones filed his postconviction motion.  The clock remained paused until May 22, 2013, one day after the Minnesota Supreme Court denied review, when it resumed at day 240.  The limitations period expired 125 days later, on September 23, 2013.  Thus, under § 2244(d)(1)(A), Ground Two is untimely.

As with Ground One, the parties both assume that the one-year clock did not begin running until after the Minnesota Supreme Court denied review of Jones' postconviction motion on May 21, 2013.  But as explained in Part II.A.1, *supra*, this assumption is wrong.  Section 2244(d)(1) contains no reference to the conclusion of *postconviction* review as the latest possible date for a habeas claim to accrue.  The statute refers only to the conclusion of *direct* review.  There is no authority that the AEDPA one-year

limitations period is reset by the conclusion of the state postconviction review proceedings. Rather, the clock is simply paused during such collateral proceedings.

### 2.     Section 2244(d)(1)(D)

Unlike Ground One, Jones knew the factual predicate underlying Ground Two at the time of trial. That is, Jones knew of his trial counsel's alleged ineffectiveness when the alleged errors occurred. Thus, § 2244(d)(1)(D) does not provide him with a later date of accrual than § 2244(d)(1)(A). Accordingly, Ground One is time-barred under § 2244(d)(1)(D), and should be dismissed unless Jones can show that equitable tolling applies.

### 3.     Equitable Tolling

The same arguments for equitably tolling the one-year limitations period that could be made for Ground One also apply to Ground Two. For the reasons discussed in Part II.A.3, *supra*, the Court finds that equitable tolling does not apply to save Ground Two from being time-barred.

### C.     Ground Three: Jones' Trial Attorney's Testimony at the Postconviction Evidentiary Hearing

In Jones' third ground for relief, he claims his trial attorney lied at the evidentiary hearing on his postconviction motion. Jones concedes he did not fairly present this claim to any state court and acknowledges the claim could be unexhausted. (*See* Jones' Resp. Opp'n Mot. Dismiss at 11 [Doc. No. 15]). Despite Judge Graham's instruction to address the question of exhaustion, Respondent failed to do so. The Court will not construe Respondent's silence as a waiver, as Jones requests, however, because a waiver of the

exhaustion requirement must be explicit.  28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

A court may not grant a federal habeas petition unless the petitioner has exhausted all state court remedies.  28 U.S.C. § 2254(b)(1)(A).  If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," the claim is not exhausted.  *Id.* § 2254(c).  A state prisoner such as Jones must exhaust all state court remedies by fairly presenting his federal constitutional claims to each tier of state appellate review before seeking § 2254 relief in federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal claim not fairly presented to the reviewing state court may be either unexhausted or procedurally defaulted.  A claim is unexhausted when it has not been fairly presented in one complete round of the state's established appellate review process, *id.*, but the prisoner still has the right under state law to raise the claim by an available procedure, 28 U.S.C. § 2254(c).  A claim is procedurally defaulted when it has not been fairly presented in the state courts, and the state courts will no longer review it because an "independent and adequate state procedural rule" precludes further litigation of the claim.  *Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991).

Minnesota has such an independent and adequate procedural rule: "[W]here a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976).  There are two exceptions to the *Knaffla*

16

rule: "(1) the claim is novel or (2) the interests of fairness and justice warrant relief." *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013).  When the *Knaffla* rule would bar an individual from raising his claims in state court because he did not raise them previously on direct appeal, those claims are procedurally defaulted in federal court. *Buckingham v. Symmes*, 11-cv-2489 (PJS/SER), 2012 WL 3611893, at *2  (D. Minn. Aug. 21, 2012) (citing *McCall v. Benson*, 114 F.3d 754, 757-58 (8th Cir. 1997)).

The exhaustion requirement of § 2254 pertains "only to remedies still available at the time of the federal petition."  *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  Thus, claims procedurally barred under state law are exhausted for the purposes of federal habeas review.  *Id.* at 161-62 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

If a claim is procedurally defaulted on federal habeas review, the Court must determine whether the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or whether the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *See McCall,* 114 F.3d at 758 (citing *Coleman,* 501 U.S. at 750).  To establish cause for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage,

17

infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in *Ivy* omitted).  A court need not consider prejudice unless the petitioner demonstrates cause.  *McCall,* 114 F.3d at 758.  The second exception— miscarriage of justice—is available only when the petitioner establishes that a constitutional violation likely caused the conviction of an innocent person.  *Id.*  (quoting *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)).  If neither exception applies, the procedural default cannot be excused, and the court should deny the petition without reaching the merits of the claims.  *See Carney v. Fabian,* 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

Applying these principles to the present case, the Court finds that Ground Three is procedurally defaulted.  Jones concedes he did not fairly present the claim to the state courts.  The Court finds that the state courts would no longer review the claim because Jones knew about the claim, but failed to raise it, when he appealed the denial of his postconviction motion.  Jones does not argue otherwise.  Thus, *Knaffla* would bar further litigation of the claim, and the claim is procedurally defaulted for federal habeas purposes.  Jones has not shown cause for the default, actual prejudice resulting from an alleged violation of federal law, or that a miscarriage of justice would occur if the Court does not address the merits of Ground Three.  Consequently, the Court may not reach the merits of Ground Three, and it should be dismissed accordingly.

D.      **Certificate of Appealability**

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Jones' claims any differently than recommended here.  Jones has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  The Court therefore recommends that Jones not be granted a COA in this matter.

III.    **Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      The State of Minnesota's Motion to Dismiss [Doc. No. 6] be **GRANTED**;

2.      Kevin David Jones' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DISMISSED**;

3.      A certificate of appealability **NOT BE GRANTED**; and

4.      **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: November 10, 2014                   _s/ Hildy Bowbeer_____
                                           HILDY BOWBEER
                                           United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 28, 2014** a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A district judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Eighth Circuit Court of Appeals.