**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Kevin David Jones,<br><br>　　　　　Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>　　　　　Respondent. | Case No. 14-cv-1650 (SRN/HB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Andrew M. Irlbeck, 332 Minnesota Street, Suite W-1610, St. Paul, MN 55101, for Petitioner.

David E. Schauer, Sibley County Attorney, P.O. Box H, Winthrop, MN 55396; and Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

**I.     INTRODUCTION**

　　　This matter is before the undersigned United States District Court Judge for consideration of Petitioner Kevin David Jones's Objections [Doc. No. 20] to United States Magistrate Judge Hildy Bowbeer's November 10, 2014 Report and Recommendation [Doc. No. 19].  The Magistrate Judge recommended that Respondent's Motion to Dismiss be granted, Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody be dismissed, and a certificate of appealability not be granted. (Report and Recommendation dated Nov. 10, 2014 [Doc. No. 19] ("R&R") at 19.)  For the reasons set forth below, the Court adopts the Report and Recommendation.

## II. BACKGROUND

The factual and procedural background of Petitioner's case is well documented in the Magistrate Judge's Report and Recommendation ("R&R") and is incorporated herein by reference.[1]  Briefly stated, Petitioner pleaded guilty on April 13, 2009 to one count of first-degree criminal sexual conduct and one count of violating a restraining order, and he was sentenced on June 17, 2009 to 144 months in prison.  See Minnesota v. Jones, No. A09-1659, 2010 WL 3220041, at *1 (Minn. Ct. App. Aug. 17, 2010) (hereinafter Jones I); (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Pet.") at 1[2]).  On appeal to the Minnesota Court of Appeals, Petitioner argued that the district court abused its discretion by denying his motion for a downward departure.  See Jones I, 2010 WL 3220041, at *1.  The Minnesota Court of Appeals affirmed the district court's decision on August 17, 2010, and the Minnesota Supreme Court denied review on December 14, 2010.  See id.  Petitioner did not seek review of his direct appeal in the U.S. Supreme Court.  (Pet. at 3.)

On November 9, 2011, Petitioner filed a motion for postconviction relief in the state district court.  (Id.)  He challenged his sentence on the basis that he received ineffective assistance of counsel because his trial counsel failed to communicate a plea offer that would have resulted in a shorter sentence.  Jones v. Minnesota, No. A12-0792, 2013 WL 656475, at *1 (Minn. Ct. App. Feb. 25, 2013) (hereinafter Jones II).  He also argued that his counsel

---

[1]  The Court recites background facts only to the extent necessary to rule on Petitioner's objections.

[2] The Court will refer to the page numbers assigned to the Petition by the electronic filing system.

failed to hire an investigator or investigate the facts of the case, failed to give Petitioner access to discovery or file pretrial motions, and failed to discuss Petitioner's version of the facts and Petitioner's testimony with Petitioner.  (Pet. at 3.)  The district court denied Petitioner's motion on March 6, 2012, (id.), and the Minnesota Court of Appeals affirmed the district court's decision on February 25, 2013, see Jones II, 2013 WL 656475, at *1.  The Minnesota Supreme Court denied review on May 21, 2013.  See id.

Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") in this Court on May 23, 2014.  The Habeas Petition includes three grounds for relief:  (1) Petitioner received ineffective assistance of counsel because his trial counsel failed to inform Petitioner of a plea offer, (Pet. at 5); (2) Petitioner's due process and Sixth Amendment rights were violated because his trial counsel failed to hire an investigator or investigate the facts of the case, failed to give Petitioner access to discovery or file pretrial motions, and failed to ask or allow Petitioner to tell his version of the facts, (id. at 7); and (3) Petitioner's due process and Sixth Amendment rights were violated because his trial counsel lied at a postconviction evidentiary hearing about whether he and Petitioner had discussed the facts of the case and the plea offer, (id. at 9–10).  Petitioner claims that he raised Grounds 1 and 2 on both direct appeal and in his motion for postconviction relief, (see id. at 6–7), but that he did not raise Ground 3 because he "was told by counsel this could not be addressed," (id. at 11).  In regard to the statute of limitations, Petitioner stated:  "I should be right at the 1 yr mark.  [Postconviction counsel] has promised me he was going to prepare my Habeas for me for the last 11½ months.  He notified me on May 12th he was unable to do it."  (Id. at 15.)  The Habeas Petition is dated

May 18, 2014, and Petitioner verified under penalty of perjury that it was placed in the prison mailing system that same day.  (Id. at 17.)

On June 3, 2014, the Magistrate Judge[3] issued an Order (the "June 3 Order") stating that there was "reason to be concerned about the timeliness of this action, that is, whether the current petition was filed within the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1)."  (Order dated May 29, 2014 [Doc. No. 3] at 1–2.)  The Court stated that Respondent would be permitted to raise a statute-of-limitations defense by filing a motion to dismiss "in lieu of a comprehensive answer addressing Petitioner's claims on the merits."  (Id. at 2.)  However, if Respondent opted not to file a motion to dismiss, Respondent was ordered to file an answer demonstrating why a writ should not be granted. (Id.)

Respondent filed its Motion to Dismiss on June 13, arguing that the Habeas Petition is time-barred under 28 U.S.C. § 2244(d)(1).  (Mot. to Dismiss [Doc. No. 6] at 1.)  According to Respondent, more than one year had passed from the time judgment became final by the conclusion of direct review and the day the Habeas Petition was filed.  (Id.)  Respondent argued that, although Petitioner allegedly did not learn of the plea offer until the summer of 2011, he had fully litigated his claims related to not knowing of the offer in his motion for postconviction relief, so there was no reason for his noncompliance with the statute of limitations.  (See id. at 1–2.)

---

[3]  This case originally was assigned to Magistrate Judge Jeanne J. Graham, but was reassigned to Magistrate Judge Hildy Bowbeer on August 6, 2014 [Doc. No. 9].

Through new counsel, Petitioner filed an opposition memorandum [Doc. No. 15] and two declarations [Doc. Nos. 16–17]. Petitioner argued that, under Respondent's calculation, the Habeas Petition was timely pursuant to the prison-mailbox rule because it was placed in the prison mail system three days before the expiration of the limitations period. (See Pet'r Resp. in Opp. to Mot. to Dismiss [Doc. No. 15] at 8–10.) Petitioner also noted that it was not clear whether Respondent would expressly waive the exhaustion requirement in its answer and, therefore, requested that the Court refrain from dismissing the Habeas Petition under the total-exhaustion rule. (See id. at 10–12.)

The Magistrate Judge issued her R&R on November 10, recommending that Respondent's Motion to Dismiss be granted, the Habeas Petition be denied, and a certificate of appealability not be granted. (R&R at 19.) The Magistrate Judge reasoned that: (1) the limitations period for Grounds 1 and 2 began running on March 15, 2011 (the expiration of the time for seeking the U.S. Supreme Court's discretionary review of Petitioner's direct appeal), was tolled from November 9, 2011 (when Petitioner filed his motion for postconviction relief) until May 21, 2013 (when the Minnesota Supreme Court denied review of his postconviction appeal), and ultimately expired on September 23, 2013, eight months before the Habeas Petition was filed,[4] (see id. at 7–10, 13–15); (2) the doctrine of equitable tolling does not apply to toll the limitations period for Ground 1 or Ground 2, (see

---

[4]    In the alternative, the Magistrate Judge found that the limitations period for Ground 1 began running—at the latest—on September 30, 2011 (the latest possible date on which Petitioner could have discovered the factual predicate for that claim). (R&R at 9–10.) Inserting that starting date into the above analysis, the Magistrate Judge determined that the statute of limitations for Ground 1 would have expired on April 11, 2014, more than one month before the Habeas Petition was filed. (See id.)

5

id. at 11–12, 15); (3) Ground 3 is procedurally defaulted, and Petitioner has demonstrated neither cause for the default and actual prejudice, nor that a miscarriage of justice would occur if the Court does not address the merits of Ground 3, (see id. at 15–18), and (4) a certificate of appealability is not warranted because it is unlikely that any other court would decide Petitioner's claims differently, (see id. at 19). Petitioner filed his Objections to the R&R on November 24. Respondent neither objected to the R&R nor responded to Petitioner's objections.

### III.   DISCUSSION

#### A.   Standard of Review

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

#### B.   Petitioner's Objections

Petitioner raises the following objections to the R&R: (1) Respondent waived the statute of limitations argument as to Petitioner's claim that his trial counsel failed to disclose a plea offer, (Pet'r Objs. [Doc. No. 20] at 6); (2) the statute of limitations was equitably tolled based on the actions of Petitioner's postconviction counsel, (see id. at 6–7); (3) Ground 3 should not be dismissed because Respondent may yet waive the exhaustion requirement or, if not, Petitioner should be allowed to voluntarily dismiss the claim, (see id. at 7–9); and (4) if Petitioner's other objections are overruled, a certificate of appealability is appropriate because Petitioner has demonstrated that his constitutional

6

rights were violated and because this case presents novel questions of federal law, (see id. at 9–10).

### 1. Statute of limitations (Ground 1)

Petitioner first objects to the Magistrate Judge's recommended dismissal of Ground 1[5] as time-barred under the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") has a one-year statute of limitations for applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id.

---

[5] In his objections, Petitioner refers only to Respondent's alleged waiver of the statute of limitations defense as to Petitioner's claim that his trial counsel failed to disclose the plea offer. (See Pet'r Objs. at 2.) That claim is the basis of Ground 1. (See Pet. at 5.)

§ 2244(d)(2). According to the U.S. Supreme Court in Day v. McDonough, as long as there has been no "deliberate" or "intelligent" waiver of a limitations defense, 547 U.S. 198, 202 (2006), "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition," id. at 209. If a court chooses to raise the limitations issue, it "must accord the parties fair notice and an opportunity to present their positions." Id. at 210 (citations omitted).

Petitioner asserts that Respondent's statute of limitations argument was limited to the period of time between May 21, 2013 (when the Minnesota Supreme Court denied review of his postconviction appeal) and May 23, 2013 (when the Habeas Petition was filed) and, therefore, Respondent waived any argument that the passage of time prior to that period should be counted as part of the limitations period. (See Pet'r Objs. at 2–4.) Petitioner contends that this waiver was knowing and voluntary in light of the Magistrate Judge's invitation to Respondent in the June 3 Order to address that issue and, relying on Day, further argues that it was improper for the Magistrate Judge to raise the issue sua sponte in the R&R. (See id. at 2–6.) Notably, Petitioner does not argue that the Magistrate Judge's calculations of elapsed time were otherwise incorrect.

Petitioner's arguments fail for several reasons. First, Respondent did not waive the statute of limitations argument that formed the basis of the Magistrate Judge's ruling. As noted by the Supreme Court, "an evident miscalculation of the elapsed time" is not an "intelligent waiver." Day, 547 U.S. at 202; cf. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997) (citation and internal quotation marks and alterations omitted) (stating that "there is an implied waiver of a defense only where a party's conduct is so consistent

8

with and indicative of an intent to relinquish the defense and so clear and unequivocal that no other reasonable explanation of the conduct is possible"). Here, Respondent argued:

> Petitioner filed his habeas corpus petition on May 23, 2014. However, Petitioner's petition for review to the Minnesota Supreme Court was denied on May 21, 2013 . . . . Therefore, more than one year has passed since the date on which judgment became final by the conclusion of <u>direct review</u> and petitioner is consequently ineligible for habeas corpus relief.
>
> As indicated in the [June 3 Order], Petitioner claims that his trial counsel failed to tell him about a settlement offer. Petitioner claims that he did not learn of the offer until the summer of 2011. However, this claim has no effect on the §2244(d)(1) statute of limitations issue because all claims related to allegedly not knowing about the settlement offer were fully litigated and resolved at the state court trial and appellate court level through his motion for post-conviction relief. Therefore, because Petitioner has already had [a] full opportunity to argue for relief based on his trial attorney's failures, Petitioner has no justifiable reason for not abiding by the <u>one year statute of limitations requirement after the Minnesota Supreme Court denied review of [the] post-conviction relief claim</u>. His petition should therefore be dismissed.

(Mot. to Dismiss at 1–2 (emphases added).) By concluding that the Minnesota Supreme Court's denial of review of Petitioner's motion for <u>postconviction relief</u> was "the conclusion of direct review," Respondent made an evident miscalculation of the elapsed time. Respondent's conclusion that the alleged date of Petitioner's discovery of the settlement offer would not affect the statute of limitations issue was based on the same erroneous interpretation of § 2244(d)(1). Thus, Respondent did not intelligently waive the statute of limitations defense to the extent that it was based on a proper calculation of elapsed time.

Second, Petitioner's reliance on <u>Day</u> for the proposition that the Magistrate Judge improperly raised certain statute of limitations arguments <u>sua sponte</u> in the R&R is misplaced. As Petitioner notes, the Magistrate Judge did not raise the statute of limitations issue <u>sua sponte</u> in the R&R, but rather the issue was raised <u>sua sponte</u> in the June 3 Order

9

directing Respondent to move to dismiss or answer the Habeas Petition. In full compliance with Day, the Magistrate Judge accorded both parties an opportunity to present their positions on the issue. Petitioner does not contend—nor does the record support—a finding that Respondent had deliberately waived the statute of limitations defense prior to that point and, in fact, Respondent's immediate compliance with the Magistrate Judge's Order demonstrates the opposite. See Boston v. Weber, 525 F.3d 622, 626 (8th Cir. 2008) ("When the district court raised the [limitations] issue sua sponte, [the State] immediately filed a motion to dismiss . . . . Based on this evidence, [the court] cannot conclude the district court abused its discretion when it determined that the State did not intelligently choose to waive the AEDPA statute of limitations defense."). Rather, Petitioner contends that the particular arguments that formed the basis of the Magistrate Judge's ruling in the R&R were improperly raised sua sponte. However, in evaluating Respondent's Motion to Dismiss the Habeas Petition as untimely because "more than one year ha[d] passed since the date on which judgment became final by the conclusion of direct review," and in the absence of any intelligent waiver, the Magistrate Judge was not bound by Respondent's incorrect calculation of elapsed time under § 2244(d)(1). See Zotos, 121 F.3d at 361 (citation omitted) (rejecting the "argument that the district court was bound to apply the law as briefed by the parties"). Accordingly, the Magistrate Judge's analysis of the issue was appropriate.

Finally, Petitioner waived his right to argue that Respondent waived its statute of limitations defense because he did not raise that argument before the Magistrate Judge. According to the Eighth Circuit, "[j]ust as parties cannot present arguments to the appellate

court that they did not raise before the district court, parties must take before the magistrate, not only their best shot, but all of their shots." Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012) (citation and internal quotation marks and alterations omitted). Here, Petitioner had an opportunity to present his position regarding the statute of limitations to the Magistrate Judge, but—despite setting forth the correct method of computing elapsed time under § 2244(d)(1)—chose to rely only on Respondent's incorrect computation of time. (See Pet'r Resp. at 1–10.) Petitioner did not argue that Respondent had waived any portion of its statute of limitations defense. Therefore, the Magistrate Judge did not have an opportunity to analyze that argument, and it is not properly before this Court. Accordingly, Petitioner's objections based on Respondent's alleged waiver of the statute of limitations defense are overruled.

## 2. Equitable tolling (Grounds 1 and 2)

Petitioner next objects to the Magistrate Judge's recommended dismissal of Grounds 1 and 2 as time-barred,[6] and argues that the limitations period was equitably tolled due to the conduct of Petitioner's postconviction counsel. "Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). While the U.S. Supreme Court in Holland v. Florida rejected the

---

[6] Although not explicitly stated in Petitioner's objections, this Court will assume that Petitioner's equitable tolling argument is directed to the Magistrate Judge's recommended dismissal of Grounds 1 and 2 because her recommendations as to both of those grounds for relief were based on the running of the statute of limitations.

notion that "even attorney conduct that is 'grossly negligent' can never warrant tolling absent 'bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part,'" 560 U.S. at 649 (citation omitted), the Court did maintain "that 'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," id. at 651–52 (citations omitted).  And, since Holland was issued, the Eighth Circuit has cited with approval its prior determination that "'[i]neffective assistance of counsel generally does not warrant equitable tolling.'" King v. Hobbs, 666 F.3d 1132, 1137 (8th Cir. 2012) (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)).

Petitioner argues that, in finding that equitable tolling does not apply in this case, the Magistrate Judge applied the "too-rigid rule" rejected by the Supreme Court in Holland. (Pet'r Objs. at 6.)  Petitioner asserts that his "state post-conviction counsel lulled Petitioner into not filing [his] Petition on time by repeatedly stating that he would get it filed, and despite Petitioner's repeated prodding, failed to do so, and did not give Petitioner notice of the failure until after the statute of limitations had run."  (Id. at 7.)  According to Petitioner, "this case must be remanded to the Magistrate for an evidentiary hearing on whether [his postconviction counsel's] misconduct amounts to 'extraordinary' circumstances or not." (Id. at 6.)

The Court is not persuaded by Petitioner's arguments.  Despite being aware by virtue of the June 3 Order that there was a potential statute of limitations issue, and despite setting forth the correct method of computing elapsed time under § 2244(d)(1) in his response to the Motion to Dismiss, Petitioner chose not to argue in his response that the doctrine of

equitable tolling applies in this case. Accordingly, Petitioner is not now entitled to an evidentiary hearing on that issue in front of the Magistrate Judge. See Ridenour, 679 F.3d at 1067 ("Just as parties cannot present arguments to the appellate court that they did not raise before the district court, parties must take before the magistrate, not only their best shot, but all of their shots."). And, the only basis in the record for equitable tolling is Petitioner's statements in his Habeas Petition that he was "right at the 1 year mark," that his postconviction counsel had "promised" Petitioner for 11½ months that he was going to prepare a petition, and that Petitioner's postconviction counsel notified him on May 12 that he was unable to do so. (Pet. at 15.) As the Magistrate Judge properly noted, these allegations boil down to a miscalculation of the filing deadline and, consequently a failure to file the petition—or to notify Petitioner of the inability to file the petition—within the limitations period. Contrary to Petitioner's assertions, this alleged conduct comprises a garden variety claim of excusable neglect, not extraordinary circumstances warranting equitable tolling. Therefore, Petitioner's objections related to equitable tolling of the statute of limitations are overruled.

### 3. Procedural default (Ground 3)

Finally, Petitioner objects to the Magistrate Judge's recommendation that Ground 3 be dismissed. Petitioner argues only that dismissal would be improper under the total-exhaustion rule because Respondent may yet waive the exhaustion requirement for Ground 3, and Ground 3 may not even be a separate basis for relief but rather only additional support for Grounds 1 and 2. (See Pet'r Objs. at 7–9.) Petitioner requests that, should Respondent decline to waive the exhaustion requirement, Petitioner be accorded

an opportunity either to seek a stay and abeyance while he exhausts the claim or to voluntarily dismiss the claim. (See id. at 9.)

Petitioner's objections are inapposite. As noted above, the Magistrate Judge recommended dismissal of Ground 3 because it was procedurally defaulted, not because it was unexhausted. As noted by the Magistrate Judge, a writ of habeas corpus is available as a remedy to a state prisoner only after the prisoner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). This means that the prisoner "must . . . invoke[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner will not be deemed to have exhausted his state court remedies, even as to federal claims, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If he has no such right, then the claim is procedurally defaulted, and he is barred from obtaining habeas relief in federal court absent (1) a showing of cause and actual prejudice or (2) a demonstration of "a fundamental miscarriage of justice—meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523 (8th Cir. 2010) (citations omitted). Both exhaustion and procedural default may be raised by the Court sua sponte. See Dansby v. Hobbs, 766 F.3d 809, 824 (8th Cir. 2014) ("A federal court has discretion to address procedural default in a habeas corpus case despite the State's failure to present the issue properly."); McCartney v. Vitek, 902 F.2d 616, 617 (8th Cir. 1990) (per curiam) ("Failure to exhaust state remedies may be raised sua sponte by a federal court.") (citation omitted).

Here, Petitioner acknowledges that he did not present his claim in Ground 3 in his state postconviction proceedings. Although he states that the claim is, therefore, unexhausted, he neither explains what procedure remains available for presenting that issue to the state court nor makes any objection to the Magistrate Judge's determination that there is no available procedure. He also has raised no objection to the Magistrate Judge's determination that there is no cause for the default and actual prejudice, or that there will be no fundamental miscarriage of justice if the claim is not considered on the merits. Accordingly, Petitioner's objections related to Ground 3 are overruled.

### 4. Certificate of appealability

Finally, Petitioner objects to the Magistrate Judge's denial of a certificate of appealability ("COA"). A state prisoner may not appeal the denial of a 28 U.S.C. § 2254 habeas petition unless he is granted a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Flieger v. Delo, 16 F.3d 878, 882 (8th Cir. 1994). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Id. at 882–83 (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)).

The Magistrate Judge correctly determined that Petitioner failed to make a substantial showing of the denial of a constitutional right. Although Petitioner claims that

the state postconviction court agreed that his constitutional rights had been violated, Petitioner does not identify the portion of that court's opinion that supports his argument. (See Pet'r Objs. at 9.) And, upon review of that opinion, this Court finds no such support. Moreover, contrary to Petitioner's assertions, he has not raised a novel question of federal law. (See id. at 9–10.) Rather, it is unlikely that another court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Therefore, appellate review is not warranted, and Petitioner is not entitled to a COA.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections to Report and Recommendation [Doc. No. 20] are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 19];

3. Respondent's Motion to Dismiss [Doc. No. 6] is **GRANTED**;

4. Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE**; and

5. A certificate of appealability is **NOT GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 17, 2015        s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge